```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

JOSEPH P. GARVEY              )
                              )
    v.                        )     Ca. No. 08-10353-MLW
                              )
UNITED STATES OF AMERICA      )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                          December 23, 2010

I. INTRODUCTION

Defendant Joseph P. Garvey pled guilty to mail fraud and money laundering. He was sentenced to 71 months in custody. He has filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 (the "§2255 Motion"). For the reasons described in this Memorandum, of the grounds raised in the §2255 Motion, Grounds Two through Five are being dismissed, and the court is ordering an evidentiary hearing with respect to Ground One.

II. PROCEDURAL HISTORY

On May 11, 2006, Garvey was indicted on twelve counts of mail fraud in violation of 18 U.S.C. §1341, eight counts of money laundering in violation of 18 U.S.C. §1956(a)(1)(B)(i), and five counts of money laundering in violation of 18 U.S.C. §1957. The charges arose out of two fraudulent schemes. First, Garvey engineered the sale of fake annuity policies, from which he obtained approximately $450,000. Second, Garvey withdrew funds

from an annuity without authorization by impersonating an 80-year-old widow, who sustained a total loss of approximately $214,000. Garvey pled guilty to all counts on October 18, 2006. There was no plea agreement. The court authorized his release on conditions pending sentencing. However, on January 8, 2007, the court revoked Garvey's release after he admitted to violating state law by fraudulently using a credit card to obtain goods while awaiting sentencing. See January 8, 2007 Tr. at 3-5, 11-12, 15-16; see also January 8, 2007 Order.

At the February 21, 2007 sentencing hearing, despite vigorous argument from defense counsel, the court denied three objections to the calculation of the Sentencing Guidelines. Consequently, the court imposed an enhancement for the use of a special skill pursuant to U.S.S.G. §3B1.3, an enhancement for use of sophisticated means pursuant to U.S.S.G. §2B1.1(b)(9)(C), and declined to grant a reduction for acceptance of responsibility. See Feb. 21, 2007 Tr. at 17, 27, 34. In declining to grant the reduction for acceptance of responsibility, the court relied on Garvey's demeanor in court and his fraudulent credit card use while awaiting sentencing, which he again admitted. See id. at 30, 37. The court made no finding regarding a related allegation of burglary and expressly stated that it was "not relying on that whatsoever." See id. at 35.

Based on the court's rulings regarding Garvey's objections,

the parties agreed that the applicable guideline range was 57 to 71 months imprisonment.  See id. at 38.  The court sentenced Garvey to 71 months incarceration.  Id. at 47.  Justifying this sentence, the court noted that 71 months was within the guideline range, that Garvey stole from an elderly person, that Garvey had committed credit card fraud while awaiting sentencing, and that a significant sentence was necessary to serve the purpose of general deterrence.  See id. at 48-51.

On September 17, 2007, Garvey, appearing pro se, filed a notice of appeal.  On February 16, 2008, while the appeal was pending, Garvey filed the §2255 Motion.  On May 16, 2008, the First Circuit Court of Appeals dismissed Garvey's appeal as untimely.  The First Circuit reserved for the pending §2255 Motion the question of whether Garvey was entitled to relief because defense counsel allegedly failed to file a timely notice of appeal after Garvey requested that he do so.  The parties subsequently filed supplemental briefs, and the government filed affidavits of trial counsel.

The §2255 Motion raises five grounds for relief, which relate to defense counsel's failure to file a notice of appeal, various aspects of the court's sentencing procedure, and defense counsel's failure to dispose of the credit card fraud allegations prior to the sentencing hearing.

III. ANALYSIS

  A.  Legal Standard

    1.  Denial Without an Evidentiary Hearing

The First Circuit elaborated the test for granting an evidentiary hearing in a §2255 proceeding in United States v. McGill, 11 F.3d 223 (1st Cir. 1993).  As the First Circuit wrote:

> When a petition is brought under section 2255, the petitioner bears the burden of establishing the need for an evidentiary hearing. See Mack v. United States, 635 F.2d 20, 26-27 (1st Cir. 1980); United States v. DiCarlo, 575 F.2d 952, 954 (1st Cir. [1978]), cert. denied, 439 U.S. 834, 99 S.Ct. 115, 58 L.Ed.2d 129 (1978). In determining whether the petitioner has carried the devoir of persuasion in this respect, the court must take many of petitioner's factual averments as true, but the court need not give weight to conclusory allegations, self-interested characterizations, discredited inventions, or opprobrious epithets.
>
> We have distilled these principles into a rule that holds a hearing to be unnecessary "when a §2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and records of the case." Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir. 1974). In other words, a "§2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently incredible.'" Shraiar v. United States, 736 F.2d 817, 818 (1st Cir. 1984) (citations omitted).

Id. at 225-26 (some citations omitted); see also United States v. Panitz, 907 F.2d 1267 (1st Cir. 1990).

"Moreover, when, as in this case, a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge

4

gleaned during previous proceedings and make findings based thereon without convening an additional hearing." McGill, 11 F.3d at 225.

2. <u>Ineffective Assistance of Counsel</u>

"The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel," but it "does not guarantee a defendant a letter-perfect defense or a successful defense." <u>Lema v. United States</u>, 987 F.2d 48, 51 (1st Cir. 1993). "Not every error amounts to ineffectiveness." <u>Cofske v. United States</u>, 290 F.3d 437, 441 (1st Cir. 2002).

"To succeed on a claim of ineffective assistance of counsel under the Sixth Amendment, [a movant] must show both deficient performance by counsel and resulting prejudice." <u>Peralta v. United States</u>, 597 F.3d 74, 79 (1st Cir. 2010)(citing <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984)); see <u>Argencourt v. United States</u>, 78 F.3d 14, 16 (1st Cir. 1996). "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." <u>Strickland</u>, 466 U.S. at 697. "The burden is on the petitioner to demonstrate ineffective assistance by a preponderance of the evidence." <u>Lema</u>, 987 F.2d at 51.

"In order to satisfy the 'deficient performance' prong, [a movant] must show that his trial counsel's representation 'fell below an objective standard of reasonableness.'" <u>Peralta</u>, 597 F.3d

5

at 79 (quoting Strickland, 466 U.S. at 688). The court must determine "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. "Judicial scrutiny of counsel's performance must be highly deferential," and "a court must indulge in a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." Strickland, 466 U.S. at 690. "The defendant, as a result, must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Phoenix v. Matesanz, 233 F.3d 77, 81 (1st Cir. 2000); see Prou v. United States, 199 F.3d 37, 47-48 (1st Cir. 1999); Arroyo v. United States, 195 F.3d 54, 55 (1st Cir. 1999).

As to the second prong, "[u]nder Strickland, a defendant is prejudiced by his counsel's deficient performance if 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Porter v. McCollum, 130 S. Ct. 447, 453 (2009)(quoting Strickland, 446 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 695; see Peralta, 597 F.3d at 79-80.

    B. <u>Counts Two Through Five Are Being Dismissed</u>

        1. <u>Ground Three: Sentencing Errors</u>

In Ground Three, Garvey raises various challenges to the

6

court's sentence and guidelines calculation. Because these challenges fail on the merits, the court assumes, without finding, that these challenges are not procedurally defaulted and are cognizable under §2255. See, e.g., Knight v. United States, 37 F.3d 769, 773 (1st Cir. 1994)(holding errors in application of the sentencing guidelines are not necessarily cognizable under §2255).

Garvey first appears to argue that he entered into a plea agreement with the government which called for a sentence of 31 to 44 months incarceration. However, there was no plea agreement in this case. Counsel for the government and defendant agreed that this was true at the outset of the Rule 11 hearing. See Oct. 18, 2006 Tr. at 3. The defendant acknowledged during the plea colloquy that nobody promised him anything in exchange for his guilty plea, that the court had discretion to impose a sentence up to the statutory maximum, and that there was no guarantee that the court would find a particular guideline range or impose a particular sentence. See id. at 16-19. The Pre-Sentence Report ("PSR") states that there was no plea agreement. See PSR ¶7. There was no objection to that paragraph of the PSR, and Garvey agreed at sentencing that the PSR was accurate except as noted in his objections. See Feb. 21, 2007 Tr. at 5. There is no specific allegation in the §2255 Motion regarding when the alleged plea agreement was drafted and signed or why this information was never conveyed to the court. Garvey's allegation is thus conclusory and

conclusively contradicted by the record. It is, therefore, being summarily dismissed. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

Next, Garvey appears to argue that the government violated its commitments under the plea agreement by recommending a sentence of 60 months incarceration. Although it is true that the government recommended 60 months incarceration, see Feb. 21, 2007 Tr. at 38, the government is free to make such a recommendation when, as here, there is no agreement requiring otherwise.

Next, Garvey argues that the court erred in calculating the guidelines by denying a reduction for acceptance of responsibility and by allegedly imposing an enhancement for committing another crime while released pending sentencing. To the extent Garvey asserts that the court erred in denying a reduction for acceptance of responsibility, the court finds that the denial was not error for the reasons explained at sentencing. See Feb. 21, 2007 Tr. at 37. To the extent Garvey asserts that the court applied an enhancement for committing another crime while released pending sentencing, this allegation is conclusively contradicted by the record. The PSR recommended a total offense level of 25, which incorporated two enhancements, a 2-level increase for use of sophisticated means and a 2-level increase for abuse of a position of trust or use of special skill. See PSR ¶¶29-44. The court adopted this recommendation at sentencing. See Feb. 21, 2007 Tr.

8

at 37. There was no additional enhancement for committing an offense while released.

Lastly, Garvey argues that the court abused its discretion by imposing a sentence of 71 months incarceration. This contention is not correct. A sentence of 71 months was substantially below the maximum statutory penalty for each individual count. See 18 U.S.C. §§1341, 1956(a)(1)(B)(i), 1957 (imposing maximum sentences of 20 years, 20 years, and 10 years, respectively). That sentence was also within the properly calculated guideline range. See Feb. 21, 2007 Tr. at 37. It was justified in light of the gravity of Garvey's offense, his continued criminal activity while awaiting sentencing, and all the other factors described by the court at sentencing and relevant under 18 U.S.C. §3553(a). See id. at 48-52.

Accordingly, because all the allegations raised by Garvey in Ground Three are either conclusively contradicted by the record or could not entitle him to relief, this ground is being dismissed.

2. Ground Four: Constitutional Error in Sentencing

In Ground Four, Garvey argues that the court's sentence violated his rights under the Fifth and Sixth Amendments. Although the legal basis for this ground is not entirely clear, it appears that Garvey argues that the court's consideration of the credit card fraud impermissibly increased the maximum sentence based on facts not found by a jury beyond a reasonable doubt. See Argument

9

in Support of Mot. to Vacate at 3.

At Garvey's sentencing, the court applied the advisory guidelines as required by United States v. Booker, 534 U.S. 220 (2005), and did not treat the guidelines as mandatory. See Feb. 21, 2007 Tr. at 4. Under Booker, the court may permissibly find and rely on facts found by a judge by a preponderance of the evidence when calculating the advisory guideline range. See United States v. Curran, 525 F.3d 74, 85 (1st Cir. 2008)(citing United States v. Pizarro-Berrios, 448 F.3d 1, 6 (1st Cir. 2006)). As previously explained, the sentence did not exceed the maximum sentences authorized by the relevant statutes. See Part III(B)(1), supra. There was no constitutional error. Therefore, this ground is being dismissed.

### 3. Ground Two: Ineffectiveness Based on Failure to Object at Sentencing

Ground Two alleges that defense counsel was ineffective for failing to object when the court imposed a sentence that exceeded the court's authority. However, Garvey's counsel did object to both enhancements and to the court's denial of a reduction for acceptance of responsibility. See PSR Def. Objs. 2-10. Moreover, as previously explained, Garvey's sentence was well below the maximum permitted by statute, was within the properly calculated guidelines range, and was justified based on the factors articulated in §3553(a). See Parts III(B)(1)-(2), supra. Thus, to

10

the extent this claim alleges a failure to object to the enhancements or the denial of the reduction, it is contradicted by the record. In all other respects, any such objections would have been without merit, and the failure to make them could not, therefore, justify a finding of deficient performance or prejudice. See Acha v. United States, 910 F.2d 28, 32 (1st Cir. 1990).

    4.    Ground Five: Ineffectiveness Based on Failure to Postpone Sentencing

Garvey alleges that the state charges arising out of his credit card fraud were dismissed at some point after sentencing. Garvey alleges that his counsel was ineffective for failing to seek the postponement of the sentencing until after those state charges were dismissed. However, this claim fails because Garvey cannot show prejudice. Prior to and during the sentencing hearing, Garvey admitted fraudulent use of a credit card. See January 8, 2007 Tr. at 3-5, 11-12; Feb. 21, 2007 Tr. at 30. The court was free to consider that post-plea misconduct whether or not state charges were pending. See, e.g., United States v. O'Neil, 936 F.2d 599, 601 (1st Cir. 1991)(affirming denial of reduction for acceptance of responsibility where the post-plea drug use was apparently uncharged and characterized by the First Circuit as "potentially criminal"). Indeed, a court may decide that a defendant has not accepted responsibility based on post-plea conduct that, although arguably legal, could reasonably be construed as inconsistent with

full acceptance of responsibility. See United States v. Saxena, 229 F.3d 1, 9-11 (1st Cir. 2000). Consequently, whether or not there were state charges pending, there is no reasonable probability that the court would have disregarded Garvey's unauthorized use of another person's credit card to purchase goods.

C. An Evidentiary Hearing Is Required to Resolve Ground One

In Ground One, Garvey alleges that he instructed his counsel to file a notice of appeal following the sentencing hearing, but that counsel did not do so and was, consequently, ineffective. An evidentiary hearing is required to establish whether this is true. If it is, Garvey is entitled to an appeal. See Roe v. Flores-Ortega, 528 U.S. 470, 484 (2000); United States v. Santos-Rios, 151 Fed. App'x 2, at *4 (1st Cir. 2005)(unpublished)(citing United States v. Torres-Otero, 232 F.3d 24, 32 (1st Cir. 2000)); McGarrett v. United States, C.A. No. 05-30205, 2007 WL 609866, at *1 (D. Mass. Feb. 23, 2007).

Garvey adequately alleges deficient performance because the Supreme Court "has long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Flores-Ortega, 528 U.S. at 477. Garvey has also adequately alleged prejudice because he has alleged that defense counsel's deficient performance deprived Garvey of an appeal he otherwise would have taken. See id. at 484-85 (citing Rodriquez v. United States, 395 U.S. 327

12

(1969)). Garvey is not required to specify the issues he would have raised on appeal or show that those issues are meritorious. See id. Although the government offers affidavits of defense counsel denying that Garvey ever requested that counsel file a notice of appeal, "material issues of fact may not be resolved against the petitioner solely by relying on ex parte, sworn or unsworn, statements of the government or defense counsel." See United States v. Butt, 731 F.2d 75, 77-78 (1st Cir. 1984)(internal citations omitted). An evidentiary hearing is necessary to resolve this disputed issue of material fact. See §2255 Rule 8(a); cf. Escudero-Aponte v. United States, 65 Fed. App'x 333, 336-37 (1st Cir. 2003)(unpublished decision)(indicating, where counsel denied having been instructed by the petitioner to appeal, that an evidentiary hearing was not required if the petition did not specifically allege the existence of such an instruction). The evidentiary hearing will be held on March 7, 2011, at 9:00 a.m. Garvey is being ordered to report whether he is financially eligible for appointed counsel as defined by 18 U.S.C. §3006A so that the court may determine whether it must appoint counsel pursuant to §2255 Rule 8(c).

The court is informed by United States Probation that Garvey will be released from prison to community confinement in March, 2011. It is conceivable that he will not wish to pursue this matter in light of his impending release and after considering his

13

likelihood of success in any new appeal. Accordingly, Garvey is being ordered to report whether he wishes to withdraw Ground One or proceed to the evidentiary hearing.

IV. ORDER

Accordingly, it is hereby ORDERED that:

1. Grounds Two through Five raised in the Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 (Docket No. 1) are DISMISSED.

2. The court will hold an evidentiary hearing regarding Ground One pursuant to §2255 Rule 8 on March 7, 2011, at 9:00 a.m.

3. By January 10, 2011, Garvey shall report whether he is financially eligible for appointment of counsel by submitting the financial affidavit appended to this order.

4. By January 28, 2011, Garvey shall report whether he wishes to withdraw Ground One or proceed to the evidentiary hearing.

                                  /s/ Mark L. Wolf
                                  UNITED STATES DISTRICT JUDGE